# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

**Civil Case Number:** _____

| | |
|---|---|
| Barry Rostcheck, | : |
| Plaintiff, | : |
| vs. | : |
| Credit Acceptance Corporation, | : |
| Defendant. | : |

## COMPLAINT

For this Complaint, Plaintiff, Barry Rostcheck, by undersigned counsel, states as follows:

## **JURISDICTION**

1. This action arises out of Defendant's repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. (the "TCPA").

2. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## **PARTIES**

3. Plaintiff, Barry Rostcheck ("Plaintiff"), is an adult individual residing in Polk City, FL, and is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant, Credit Acceptance Corporation("Credit"), is a Michigan business entity with an address of 25505 West 12 Mile Road, Southfield, Michigan 48034-8316, and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTS

5. Within the last year, Credit Acceptance began calling Plaintiff's cellular telephone, number 813-xxx-4571.

6. When Plaintiff answered calls from Credit Acceptance, he heard silence before he was connected to a live representative.

7. The foregoing in indicative of a predictive dialer, an automatic telephone dialing system ("ATDS") under the TCPA.

8. On or about October 29, 2015, Plaintiff requested that Credit Acceptance cease all calls to his cellular telephone number.

9. Nevertheless, Credit Acceptance continued to place automated calls to Plaintiff's cellular telephone number.

## COUNT I
## VIOLATIONS OF THE TCPA–
## 47 U.S.C. § 227, et seq.

10. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

11. At all times mentioned herein, Defendant called Plaintiff's cellular telephone number using ATDS or predictive dialer.

12. In expanding on the prohibitions of the TCPA, the Federal Communications Commission ("FCC") defines a predictive dialer as "a dialing system that automatically dials consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a [representative] will be available to take the call…"*2003 TCPA Order*, 18 FCC 36 Rcd 14022. The FCC explains that if a representative is not "free to take a call that has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or a dial tone, causing frustration." *Id*. In addition, the TCPA places prohibitions on companies

that "abandon" calls by setting "the predictive dialers to ring for a very short period of time before disconnecting the call; in such cases, the predictive dialer does not record the call as having been abandoned." *Id*.

13. Defendant's telephone system(s) have all the earmarks of a predictive dialer.

14. When Plaintiff answered calls from Defendant, he heard silence before Defendant's telephone system would connect him to the next available representative.

15. Defendant's predictive dialers have the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

16. The calls from Defendant to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

17. Defendant placed automated calls to Plaintiff's cellular telephone number despite knowing that it lacked consent to do so. As such, each call placed to Plaintiff was made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

18. As a result of each Defendant's negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

19. As a result of each of Defendant's knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

1. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

2. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C); and

3. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: October 11, 2016

        Respectfully submitted,

        By */s/ Stan Michael Maslona*

        Stan Michael Maslona, Esq.
        Lemberg Law, LLC
        43 Danbury Road, 3rd Floor
        Wilton, CT 06897
        Telephone: (203) 653-2250
        Facsimile: (203) 653-3424
        slemberg@lemberglaw.com